UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUEEN HIGGS, | ) |
|         Plaintiff, | ) Case No. 07 C 6989 |
| vs. | ) Judge Guzman |
| | ) Magistrate Judge Cox |
| CITY OF CHICAGO, ILLINOIS, and | ) |
| CHICAGO POLICE OFFICER | ) JURY TRIAL DEMANDED |
| I. CHAVEZ, Star No. 3278, and | ) |
| CHICAGO POLICE OFFICER | ) |
| A. R. SCHURMAN, Star No. 13751, | ) |
|         Defendants. | ) |

**DEFENDANTS' ANSWER, DEFENSES AND JURY
<u>DEMAND TO PLAINTIFF'S COMPLAINT</u>**

Defendants, Chicago Police Officers Chavez and Shurman (referred to herein as "Defendant Officers"), by and through one of their attorneys, Matthew R. Hader, Assistant Corporation Counsel for the City of Chicago, hereby submit the following Answer, Defenses and Jury Demand to Plaintiff's Complaint:

<u>**JURISDICTION and VENUE**</u>

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of plaintiff's rights as secured by the United States Constitution.

**<u>ANSWER</u>:** Defendant Officers admit the allegations contained in paragraph 1 but deny any wrongful or illegal conduct

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**<u>ANSWER</u>:** Defendant Officers admit the allegations contained in paragraph 2 but deny any wrongful or illegal conduct.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial

district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 3 but deny any wrongful or illegal conduct.

## PARTIES

4. At all times relevant hereto, Plaintiff Queen Higgs was a 49 year-old female resident of Chicago, Illinois.

**ANSWER:** Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of law within the scope of their employment.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 5 but deny any wrongful or illegal conduct.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** Defendant Officers admit they are employed by the City of Chicago, Department of Police. Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.

## FACTUAL ALLEGATIONS

7. On or about December 17, 2006, Plaintiff was outside or near the residence of 6758 S. Perry Ave., Chicago, Illinois, as she was preparing to attend a church function.

**ANSWER:** Defendant Officers admit the Plaintiff was in the vicinity of the address stated in paragraph 7 on the date stated in paragraph 7. Defendant Officers deny the remaining allegations contained in paragraph 7.

8. At this time, Defendant Officers seized and detained Plaintiff without an arrest warrant, without a search warrant, and without probable cause to believe that Plaintiff was

committing or had committed a crime.

**ANSWER:** Defendant Officers admit that plaintiff was seized and detained without a warrant. Defendant Officers deny the remaining allegations contained in paragraph 8.

9. At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 9.

10. During this unconstitutional detention/seizure, one or more of the Defendant Officers handcuffed Plaintiff and one or more of the Defendant Officers unreasonably searched Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in Paragraph 10.

11. Following the unconstitutional search, Plaintiff was arrested and taken to the 2nd District Chicago Police Station where she was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402C.

**ANSWER:** Defendant Officers admit that plaintiff was arrested and properly charged with violating 720 ILCS 570/402(c). Defendant Officers deny the remaining allegations contained in paragraph 11.

12. Plaintiff was held in custody on this matter until January 11, 2007.

**ANSWER:** Defendant Officers lack information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. This false charge against Plaintiff was dismissed after a finding of no probable cause by a Cook County Judge on January 11, 2007.

**ANSWER:** Defendant Officers admit the criminal matter was dismissed. Defendant Officers deny the remaining allegations contained in paragraph 13.

### Count 1-42 U.S.C. S 1983 False Arrest

14. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant Officers answer paragraph 14 by reference to their answers to

3

paragraphs 1 through 13 as fully stated herein.

15.     On December 17, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Defendant Officers admit Plaintiff was arrested on December 17, 2006, without a warrant. Defendant Officers deny the remaining allegations contained in paragraph 15.

16.     Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched her without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**    Defendant Officers admit Plaintiff was detained and searched, admit they were acting in their official capacities as law enforcement officers under color of law and within the scope of their employment. Defendant Officers deny the remaining allegations contained in paragraph 16 and further deny any wrongful or illegal conduct.

17.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

- a)   As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
- b)   As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
- c)   As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;
- d)   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which

> Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;
> 
> e) The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;
> 
> f) As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;
> 
> g) As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,
> 
> h) The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant Officers deny the allegations made against them and deny any misconduct. Defendant Officers make no answer to the remaining allegations contained in paragraph 17 as it is not directed to them.

18. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 18.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count II - 42 U.S.C. § 1983 Unlawful Search

19. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant Officers answer paragraph 19 by reference to their answers to paragraphs 1 through 13 as fully stated herein.

5

20. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 20.

21. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a) As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b) As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c) As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d) Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e) The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

   f) As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

   g) As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

      h)    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**   Defendant Officers deny the allegations made against them and deny any misconduct.  Defendant Officers make no answer to the remaining allegations contained in paragraph 21 as it is not directed to them.

22.   The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of her 4th Amendment right to be free from unlawful searches

**ANSWER:**   Defendant Officers deny the allegations contained in paragraph 22.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count III - False Imprisonment

23.   Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**   Defendant Officers answer paragraph 23 by reference to their answers to paragraphs 1 through 13 as fully stated herein.

24.   Jurisdiction of this Court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**   Defendant Officers admit the allegations contained in paragraph 24 but deny any wrongful or illegal conduct.

25.   On December 17, 2006, Plaintiff was seized and detained without a warrant and without probable cause.  This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**   Defendant Officers admit Plaintiff was detained on December 17, 2006, without a warrant.  Defendant Officers deny the remaining allegations contained in paragraph 25.

7

25. [sic¹] Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 25.

26. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 26.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

## Count IV - Malicious Prosecution

27. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant Officers answer paragraph 27 by reference to their answers to paragraphs 1 through 13 as fully stated herein.

28. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 28.

29. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 29.

30. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 30.

---

¹ Plaintiff's Complaint contains two paragraphs numbered as paragraph 25. The numbering from plaintiff's complaint appears throughout this Answer exactly as it does in Plaintiff's Complaint.

31. On January 11, 2007, Plaintiff's case was dismissed.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 31 but deny any wrongful or illegal conduct.

32. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 32.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count IV, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count V - Intentional Infliction of Emotional Distress

33. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendant Officers answer paragraph 33 by reference to their answers to paragraphs 1 through 13 as fully stated herein.

34. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 34 but deny any wrongful or illegal conduct.

35. Defendant Officers' illegal arrest, unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 35.

36. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause her severe emotional distress and mental anguish.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 36.

37. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but riot limited to severe emotional harm, legal and other out-of-pocket costs, and other damages which will be proven at trial.

**ANSWER:** Defendant Officers deny the allegations contained in paragraph 37.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count V, for the costs of defending this suit, including attorney's fees and other such relief as the Court deems just and appropriate.

### Count VI - State Law Claims Against Defendant City
### *Respondent Superior* and Indemnification

Defendant Officers make no answer to Count VI, paragraphs 44 – 46, as it is not directed to them.

### DEFENSES, 12(b)(6) DEFENSES and AFFIRMATIVE DEFENSES

1. Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2. Defendant Officers are not liable for any injury allegedly caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-208.

3.      Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4.      Plaintiffs cannot establish willful and wanton misconduct on the part of Defendant Officers; therefore Defendant Officers are immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

5.      Defendant Officers are not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

6.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

7.      As to plaintiff's state law claims, the Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979)(internal citations omitted).

8.      In Illinois, it is clear that punitive damages cannot be sanctioned as an additional recovery in an action for intentional infliction of emotional distress, since the alleged outrageous quality of the defendant's conduct forms the basis of the action. *Knierim v. Izzo*, 22 Ill.2d 73, 88,

11

174 N.E.2d 157, 165 (1961); *Gragg v. Calandra*, 297 Ill. App. 3d 639, 649, 696 N.E.2d 1282, 1290 (2nd Dist. 1998); *Morrison v. Sandell*, 112 Ill. App. 3d 1057, 1060, 446 N.E.2d 290, 292 (4th Dist. 1983). Consequently, the rendition of compensatory damages is sufficiently punitive. *Knierim*, 22 Ill.2d at 88, 174 N.E.2d at 165; *Morrison*, 112 Ill. App. 3d at 1060, 446 N.E.2d at 292. In *Morrison*, the Court held that the plaintiff's claim seeking punitive damages for the intentional infliction of emotional distress was properly dismissed. *Morrison*,112 Ill. App. 3d at 1060, 446 N.E.2d at 292. Plaintiff seeks punitive damages for the alleged intentional infliction of emotional distress by the Defendants. As Illinois does not permit the recovery of punitive damages for the intentional infliction of emotional distress, the Plaintiff's prayer for the same must be stricken. Thus, this Court must strike the Plaintiff's prayer for punitive damages from his Complaint.

9. To the extent plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by plaintiffs must be reduced by application of the principle that plaintiffs have a duty to mitigate, and commensurate with the degree of that failure to mitigate attributed to plaintiffs by the jury in this case.

10. Where Defendant Officers had probable cause to arrest any Plaintiff for any criminal offense, Plaintiff's false arrest claim based upon an arrest for a second offense must fail even if no probable cause existed for the arrest on the second offense. *See Devenpeck v. Alfred*, 543 U.S. 146, 153-157 (2004).

## JURY DEMAND

The Defendant Officers request trial by jury.

Respectfully submitted,

 s/ Matthew R. Hader
MATTHEW R. HADER
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-9586
matt.hader@cityofchicago.org
Atty. No. 06284330

13

**CERTIFICATE OF SERVICE**

I, Matthew R. Hader, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** to be sent via e-filing to the person(s) named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on March 4, 2008, in accordance with the rules governing the electronic filing of documents.

        s/ Matthew R. Hader
        MATTHEW R. HADER
        Assistant Corporation Counsel